UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-296(1) (DWF/LIB) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Anthony Keith Meister, | |
| Defendant. | |

### INTRODUCTION

This matter is before the Court on Defendant Anthony Keith Meister's motion for compassionate release. (Doc. No. 134.) The United States of America (the "Government") opposes the motion. (Doc. No. 139.) For the reasons discussed below, the Court grants Meister's motion.

### BACKGROUND

Meister pled guilty to conspiracy to commit bank fraud and aggravated identity theft. (Doc. Nos. 1, 57.) This Court sentenced him to 61 months' imprisonment to be followed by a 3-year term of supervised release. (Doc. No. 95.) Meister is currently incarcerated at Oxford Federal Correctional Institution in Wisconsin, with an anticipated release date of February 21, 2023. Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Nov. 14, 2022).

Meister, who is forty-nine years old, now moves for compassionate release on the grounds that his mother and stepfather are in poor health, and he is their primary

caretaker. His mother, Ms. Holthaus, is eighty years old and suffers from a number of conditions, including hypertension, hyperlipidemia, tremors, peripheral neuropathy, and prediabetes. Ms. Holthaus's conditions impact her mobility and ability to live alone and care for herself. Ms. Holthaus lives with her husband, Mr. Holthaus. Mr. Holthaus is ninety years old and also suffers from a number of conditions, including atrial fibrillation, chronic anticoagulation, dyslipidemia, and chronic kidney disease. Mr. Holthaus also has limited mobility, given his previous knee and hip replacements. Meister asserts that both his mother and stepfather require his care.

Meister further contends that the sentencing factors set forth in 18 U.S.C. § 3553(a) favor release because (1) he has committed himself to rehabilitation, (2) he has less than 4 months remaining of his sentence, and (3) he does not pose a danger to the community. Meister also has a release plan which includes residing with his mother and stepfather and potential employment with a former employer. (Doc. No. 129.) Probation supports this plan. (*Id.*)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist

either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13, cmt. n.1.

The Sentencing Commission's guidelines give examples of family circumstances considered to be "extraordinary and compelling," including (1) the death or incapacitation of the caregiver of the defendant's minor child or minor children; and (2) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. *Id.* Courts in this circuit have held that "a district court may use its discretion when it is considering the 'extraordinary and compelling reasons' for a compassionate release." *United States v. Contreras*, 504 F. Supp. 3d 1052, 1058 (D.S.D. 2020); *see also United States v. Brown*, 457 F. Supp. 3d 691, 701 (S.D. Iowa 2020) (concluding that "the district court can consider anything—or at least anything the BOP could have considered—when assessing a defendant's motion [for compassionate release]"). Thus, this Court may consider extraordinary and compelling reasons that are not specifically described in U.S.S.G. § 1B1.13.

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the

burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." *Id.*

The record reflects that Meister requested compassionate release from the warden at Oxford FCI sometime before its denial on June 2, 2022. (Doc. No. 135-5 at 225.) Accordingly, the Court finds Meister's motion ripe for review.

After a careful review of Meister's motion and all supporting documentation, the Court finds that Meister has demonstrated extraordinary and compelling reasons for a sentence reduction. Meister has provided evidence that his eighty-year-old mother suffers from a variety of illnesses that render her unable to sufficiently care for herself. (*See* Doc. No. 135.) Meister's stepfather is also ill and requires assistance. (*See id.*) While Meister has living half-siblings and a sister, Meister has sufficiently demonstrated that his parents require live-in help and that only Meister is willing to provide that level of care for his parents at this time. Moreover, probation has conducted an inspection of the parents' house and have approved the living situation. (*See* Doc. No. 129.)

The Court also finds that Meister does not pose a danger to the safety of any other person or the community. While in prison, Meister has committed himself to

rehabilitation, and, significantly, Meister has less than four months left of his sentence. To the extent that any safety concerns remain, the Court finds that they will be mitigated by converting the remainder of Meister's sentence to a term of supervised release. 18 U.S.C. § 3582(c)(1)(A) (stating that the Court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment").

The Court similarly concludes that granting Meister compassionate release is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

The Court does not minimize the seriousness of Meister's offense conduct, or the harm he inflicted on the community. However, the Court finds that Meister has demonstrated a commitment to bettering the lives of those around him. The Court is hopeful that Meister will be that special son who is the primary caretaker for his mother and stepfather. In doing so, Meister can set an example for everyone around him and be the person he wants to be by taking care of his mother and stepfather. Moreover, Meister has nearly served the entirety of his sentence, as he is scheduled to be released in February 2023. Finally, the Court can allay any concern about a just sentence by converting the remainder of Meister's sentence to a term of supervised release in addition

to the term of supervised release originally ordered. One of the conditions of Meister's supervised release is that he finds an AA or NA group and makes a good faith effort to get a sponsor and maintain his sobriety. That will not only enable Meister to live the life that he wants to live, but by taking things a day at a time, he can be that son, be that father, be that person that he wants to be and live the life that he wants to live. When that happens there will be all winners and no losers.

## CONCLUSION

For the reasons set forth above, the Court finds that Meister has demonstrated extraordinary and compelling reasons for a sentence reduction, he does not pose a safety risk, and the § 3553(a) factors favor release.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Anthony Keith Meister's motion for compassionate release (Doc. No. [134]) is **GRANTED**. The remainder of Defendant Anthony Keith Meister's 61-month term imprisonment is converted into a term of supervised release pursuant to 18 U.S.C. § 3582(c)(1)(A). The converted term of supervised release shall be served under the same terms and conditions of the original term of supervised release set forth in the October 29, 2018, Judgment (Doc. No. 95).

2. After the conclusion of Meister's converted term of supervised release in the preceding paragraph, Meister shall serve the full term of supervised release and its terms and conditions set forth in the October 29, 2018, Judgment (Doc. No. 95).

3. Meister shall be released to his mother's residence in Baxter, Minnesota, as approved by the Probation Office in the June 1, 2022, Compassionate Release Investigation (Doc. No. 129).

4. The order is stayed for up to seven days to make appropriate travel arrangements and to ensure Meister's safe release. This Order contemplates and the Court assumes that Meister's release can be arranged so he can spend Thanksgiving with his family. Meister shall be released as soon as appropriate travel arrangements are made and it is safe for him to travel. If more than seven days are needed to make appropriate travel arrangements and ensure Meister's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

Dated: November 16, 2022         s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge